UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST,

                          Plaintiff,    **No. 6:16-cv-6797(MAT)**
                                                 **DECISION AND ORDER**
       -vs-

NANCY R. WIEBELD and KEVIN J. WIEBELD,

                          Defendants.

---

## I. Introduction

Plaintiff U.S. Bank Trust, N.A. ("plaintiff") alleges nonpayment of a mortgage by defendants Nancy R. Wiebeld and Kevin J. Wiebeld (collectively "defendants"). On July 5, 2017, the Court issued an Order To Show Cause requiring plaintiff to show cause in writing no later than July 31, 2017, why its complaint should not be dismissed for lack of subject matter jurisdiction. Docket No. 13. Plaintiff filed its response to the Court's Order To Show Cause on July 31, 2017. Docket No. 14. The Court has reviewed this response and determines, for the reasons discussed below, that plaintiff has failed to establish that this Court has subject matter jurisdiction over the instant dispute. Accordingly, plaintiff's complaint is dismissed.

## II. Discussion

Plaintiff commenced the instant action on December 8, 2016. Docket No. 1. Plaintiff alleges that defendants have failed to

-1-

make payments under the terms of a mortgage held by it and secured by property owned by defendants, and seeks a judgment for the outstanding amount of the loan, as well as foreclosure and sale of defendants' property. *Id*.

Plaintiff asserts federal subject matter jurisdiction based solely on diversity of citizenship. Specifically, plaintiff asserts that defendants are both citizens of New York and that it is "a national association" with its principal place of business in Delaware. *Id*. at ¶¶ 2-4. Plaintiff purports to bring this action as trustee for the LSF9 Master Participation Trust (the "Trust").

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994). Accordingly, there exists an "inflexible rule" that "if a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see also R.S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 289 (S.D.N.Y. 2012) (subject matter jurisdiction is not a prudential or discretionary doctrine, but rather, is an inflexible rule that without exception requires federal courts, on their own motion, to determine if jurisdiction is lacking). "A federal

court's jurisdiction must clearly appear from the face of [the] complaint. . . ." *Verosol USA, Inc. v. Fla. Shades, Inc.*, 1992 WL 696643, at *1 (S.D.N.Y. Sept. 17, 1992) (internal quotation omitted). "And when a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss it *sua sponte*." *Receivables Exch., LLC v. Hotton*, 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (citing Fed. R. Civ. P. 12(h)(3)).

As set forth in the Order to Show Cause, plaintiff's complaint failed to adequately allege subject matter jurisdiction. Specifically, plaintiff failed to adequately allege its own citizenship, and provided no information regarding the citizenship of the Trust.

In its response to the Order to Show Cause, plaintiff has adequately shown that it is an "active trustee whose control over the assets held . . . is real and substantial." *U.S. Bank Trust, N.A. v. Monroe*, 2017 WL 923326, at *8 (N.D.N.Y. Mar. 8, 2017) (internal citations and quotations omitted). Accordingly, plaintiff has adequately established that its citizenship controls for purposes of diversity.

However, plaintiff has failed to provide the Court with adequate information regarding its own citizenship to permit a finding of subject matter jurisdiction. As this Court and others have repeatedly explained to plaintiff, "the citizenship of a national banking association is determined by the state <u>designated</u>

-3-

<u>in its articles of association</u> as its main office." *U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Licata*, 2017 WL 2671421, at *1 (W.D.N.Y. June 21, 2017) (emphasis added); *see also Monroe*, 2017 WL 923326, at *4. Moreover, "the Second Circuit has expressly held that the principal place of business is not to be considered when determining the citizenship of a national banking association." *Monroe*, 2017 WL 923326, at *4.

Despite being on notice that its citizenship is determined by the state designated as its main office <u>in its articles of association</u>, plaintiff's response to the Order to Show Cause does not provide this information. Instead, it merely reiterates the allegation in the complaint that its "principal executive offices" are in Delaware, and provides documentation relative to that assertion. *See* Docket No. 14 at 6. Plaintiff has "failed to provide its articles of association, and failed to state anywhere in its memorandum that Delaware is the state listed as the location of its main office in the articles of association." *U.S. Bank Tr., N.A. v. Dupre*, 2016 WL 5107123, at *3 (N.D.N.Y. Sept. 20, 2016) (dismissing claim brought by plaintiff for failure to properly establish its own citizenship). Accordingly, the Court lacks the information necessary to determine plaintiff's citizenship, and is therefore obligated to dismiss the complaint for lack of subject matter jurisdiction.

**III. Conclusion**

For the foregoing reasons, the Court dismisses this case *sua sponte* for lack of subject matter jurisdiction. The Clerk of the Court is directed to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **s/ Michael A. Telesca**

                                       HON. MICHAEL A. TELESCA
                                     United States District Judge

Dated:    August 8, 2017
            Rochester, New York.